JULIAN BACH, ESQ., STATE BAR NO. 162421
LAW OFFICE OF JULIAN BACH
7911 Warner Avenue
Huntington Beach, California 92647
Telephone: (714) 848-5085
Facsimile: (714) 596-6331

Attorney for Debtor-In-Possession,
PSG MORTGAGE LENDING CORP., a Delaware Corporation

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PSG MORTGAGE LENDING CORP., a Delaware Corporation,<br><br>    Debtor and Debtor-In-Possession. | Case No. 21-30592-DM<br><br>Chapter 11<br><br>**AMENDED MOTION TO SELL REAL PROPERTY AND TO: (1) SELL REAL PROPERTY FREE AND CLEAR OF LIENS AND INTERESTS; AND (2) PAY REAL ESTATE COMMISSION, DEED OF TRUST AND STANDARD CLOSING COSTS OUT OF ESCROW**<br><br>Date:  April 1, 2022<br>Time:  10:30 a.m.<br>Place:  VIA ZOOM/AT&T TELE<br>     Courtroom 17<br>     U.S. Bankruptcy Court<br>     450 Golden Gate Avenue<br>     San Francisco, CA 94102 |

TO AFFECTED LIENHOLDERS/INTEREST HOLDERS/PURPORTED/DISPUTED INTEREST HOLDERS:

A. **Non-Governmental Individuals/Entities:**

1. World Savings Bank, FSB, its successors and/or assigns, including but not limited to Wells Fargo Bank (*see* Section VI. 1);

2. Natural Software Systems Inc., Money Purchase Pension Plan as to an undivided 65% interest and Tanya Waltimyer, a married woman as her sole and separate property as to an undivided 35% interest, as assignees of Saxe Mortgage, et al;

3. Paul Greenfield, as an individual, to the extent any interests are claimed in the above-referenced deed of trust (*see* Section VI. 2);

4. Dakota Note, LLC (*see* Section VI. 3); and

5. PSG Capital Partners, Inc. and Debtor PSG Mortgage Lending Corp. (*see* Section VI. 5).

B. **Governmental Lienholders/Entities:**

1. San Francisco Department of Public Health/Public Utilities Commission (*see* Section VI. 4).

C. **Purported/Disputed Interest Holders:**[1]

1. Kay Brugnara and Family/Luke Brugnara/individually or as Officer(s)/Director(s)/Shareholder(s) of Brugnara Properties VI (the "Brugnara Parties") (*see* Section VII).[2]

---

[1] *See* Adversary Proceeding Case No. 21-03065-DM pending before this Court, which is an action removed from State Court that includes a claim by Luke Brugnara of some sort of interest in the Sea Cliff Avenue Property.

[2] The Court should note that there was a Claims Bar Deadline in this case of December 27, 2021 and that none of the Brugnara Parties timely filed a claim in this proceeding.

# TABLE OF CONTENTS

|      |       | Page |
|---|---|---|
| I. | JURISDICTION/RELIEF REQUESTED | 1 |
| II. | MOTION TO SELL REAL PROPERTY | 1 |
| III. | OVERBIDS | 2 |
| IV. | PAYMENT OF REAL ESTATE COMMISSION AND OTHER STANDARD CLOSING COSTS | 3 |
| V. | BACKGROUND | 3 |
| VI. | SALE FREE AND CLEAR OF LIENS AND INTERESTS | 5 |
|   | 1. World Savings Bank, FSB, its successors and/or assigns, including but not limited to Wells Fargo Bank | 6 |
|   | 2. Natural Software Systems Inc., Money Purchase Pension Plan as to an undivided 65% interest and Tanya Waltimyer, a married woman as her sole and separate property as to an undivided 35% interest, as assignees of Saxe Mortgage, et al (Paul Greenfield) | 7 |
|   | 3. Dakota Note, LLC | 8 |
|   | 4. San Francisco Department of Public Health/Public Utilities Commission | 9 |
|   | 5. PSG Capital Partners, Inc. and Debtor PSG Mortgage Lending Corp. | 9 |
| VII. | KAY BRUGNARA AND FAMILY/LUKE BRUGNARA/INDIVIDUALLY OR AS OFFICER(S)/DIRECTOR(S)/SHAREHOLDER(S) OF BRUGNARA PROPERTIES VI. | 10 |
| VIII. | SALE FREE AND CLEAR OF LIENS AND INTERESTS - BANKRUPTCY CODE §363(f) | 11 |
| IX. | GOOD FAITH FINDING | 14 |
| X. | RULE 62(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE AND/OR BANKRUPTCY RULE 6004(h) | 14 |
| XI. | LIEN RECORDINGS SINCE LAST TITLE REPORT | 14 |
| XII. | CONCLUSION | 15 |

# TABLE OF AUTHORITIES

Page

**Cases**

Cadlerock Joint Venture, L.P. v. Lobel,
    (2012) 206 Cal.App.4th 1531 .................................................. 10, 13

Moldo v. Clark (In re Clark),
    266 B.R. 163 (9th Cir. BAP 2001) ................................................ 12

In re Patriot Place, Ltd.,
    486 B.R. 773 (Bkrtcy.E.D. Tex 2013) ............................................ 13

In re Terrace Chalet Apartments, Ltd.,
    159 B.R. 821 (N.D.Ill. 1993) ...................................................... 12

In re U.S.A. United Fleet, Inc.,
    496 B.R. 79 (Bkrtcy.E.D.N.Y. 2013) ............................................ 13

In re Vortex Fishing Systems, Inc.,
    277 F.3d 1057 (9th Cir. 2002) ..................................................... 12

**Statutes**

11 U.S.C. §363(2)(a)(4) .................................................................... 14

11 U.S.C. §363(b) .......................................................................... 1, 14

11 U.S.C. §363(f) ........................................................................... 11

11 U.S.C. §363(f)(1) ....................................................................... 1, 8, 9

11 U.S.C. §363(f)(2) ....................................................................... 1, 8

11 U.S.C. §363(f)(3) ....................................................................... 1

11 U.S.C. §363(f)(4) ....................................................................... 1, 11, 12, 13, 14

11 U.S.C. §363(f)(5) ....................................................................... 1, 11

11 U.S.C. §363(m) .......................................................................... 1, 14

11 U.S.C. §551 ............................................................................... 1

11 U.S.C. §724 ............................................................................... 1

11 U.S.C. §726(a)(4) .................................................... 1

28 U.S.C. §1334(a) ..................................................... 1

28 U.S.C. §157 ......................................................... 1

28 U.S.C. §157(b)(2)(M) ................................................ 1

28 U.S.C. §1408 ........................................................ 1

28 U.S.C. §1409 ........................................................ 1

**<u>Federal Rules</u>**

Federal Rule of Bankruptcy Procedure 6004(a) ........................... 1

Federal Rule of Bankruptcy Procedure 6004(h) .......................... 14

Federal Rule of Civil Procedure 62(a) ................................. 14

**<u>Local Rules</u>**

Local Bankruptcy Rule 6004-1 ........................................... 1

This Amended Motion to Sell Real Property and to: (1) Sell Real Property Free and Clear of Liens and Interests; and (2) Pay Real Estate Commissions, Deeds of Trust and Standard Closing Costs Out of Escrow; Memorandum of Points and Authorities (224 Sea Cliff Avenue, San Francisco, California [11 U.S.C. §363(b); 11 U.S.C. §363(f)(1), (2), (3), (4) and (5); 11 U.S.C. §363(m); 11 U.S.C. §724; 11 U.S.C. §726(a)(4); 11 U.S.C. §551; F.R.B.P. 6004(a); B.L.R. 6004-1] ("Motion") is filed by Debtor PSG Mortgage Lending Corp. (the "Debtor") and respectfully represents as follows:

## I. JURISDICTION/RELIEF REQUESTED

This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 1334(a) and 157. Venue is proper under 28 U.S.C. §§ 1408 and 1409. The Motion is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(M). The Motion requests Court authorization for sale of real property of the estate free and clear of liens and interests.

## II. MOTION TO SELL REAL PROPERTY

Annexed to the Declaration of Philip Fusco in Support of this <u>Amended</u> Motion to Sell Real Property and to (1) Sell Real Property Free and Clear of Liens and Interests; and (2) Pay Real Estate Commissions, Deeds of Trust and Standard Closing Costs Out of Escrow (224 Sea Cliff Avenue, San Francisco, CA (the "Fusco Decl.") as Exhibit A is a copy of the San Francisco Purchase Agreement (the "Sale Agreement").[3]

Under the Sale Agreement, the Debtor has accepted a sales price for the Sea Cliff Avenue Property of $13,000,000.00 from a buyer (the "Buyer"), with some of the secured lienholders agreeing to reduce their payoff to pay the transfer tax which will be owed to the City and County of San Francisco upon the closing of the transaction in the approximate sum of

---

[3] Out of valid concerns based upon the past and current ongoing actions and efforts of the former owner of the Sea Cliff Avenue Property (Brugnara) to interfere with and disrupt any sale of the property to anyone but him or his cohorts, the identities of the Buyer and the Title Company involved in this transaction have been reacted and filed under seal per Court Order (Doc #112). As is set forth in Section IX herein, the Buyer will be present at the sale hearing to testify and provide evidence to the Court in support of the request for a good faith finding by the Buyer under Bankruptcy Code §363(m).

1

$780,000.000. The Buyer will make an initial deposit of 3% into Escrow upon receipt and approval of the seller's lawyer's disclosure of the status of the oceanside stairs, with Escrow to close within 30 days or sooner of a Court Order approving of the transaction. By Amendment of the parties, the expiration of the Agreement was extended to February 11, 2022. On February 11, 2022, the Debtor accepted the offer and signed the Agreement.

The Sale Agreement is subject to Bankruptcy Court approval and higher and better bids.

The sale of the Sea Cliff Avenue Property free and clear of any liens or interests is on an "as-is, where is" basis, with no warranties or representations. This includes an acceptance by the Buyer of all responsibility for permits and work on the cliff side and the staircase to the beach.

### III. **OVERBIDS**

As is set forth in the accompanying Declaration of Mark Levinson of Compass, with respect to advertising the overbid procedures, the following efforts were and are being made:

- A description and notice of overbidding procedures and possibilities is listed on the Multiple Listing Service (MLS), which is the most effective and relied upon service to give notice to potential buyers, brokers and/or agents;
- A description and notice of overbidding procedures and possibilities is set forth on the private web site created for marketing the sale of the property - 224seacliffavenue.com and Disclosures.IO; and
- The overbid process and procedure is disclosed and discussed with buyers and their agents as well as agent previews if/when they express interest in the property.

The minimum starting overbid is $13,500,000.00 (together with payment of the transfer tax, as noted), with minimum increments thereafter of $50,000.00. **The deadline for submitting qualified overbids in writing is 12 noon on March 25, 2022.** The Debtor will only consider overbids from qualified buyers. Prior to overbidding, an overbidder must demonstrate the ability to close the transaction to sole and complete satisfaction of the Debtor and provide a non-refundable deposit (if the successful bidder) of $390,000.00. In the event a qualified overbidder

2

or overbidders is obtained, an auction will be held on April 1, 2022. Qualified overbidders may participate by Zoom video or telephone.

Overbids must be submitted in writing on terms equal to or better than the proposal from the Buyer (see Exhibit A to the accompanying Declaration of Philip Fusco (the "Fusco Decl."), e.g., all cash and close of escrow within 30 days of a Court Order approving the sale, on an "as-is, where is" basis, with no warranties or representations. This includes an acceptance by the Buyer of all responsibility for permits and work on the cliff side and the staircase to the beach along with any remaining issues with the City/County of San Francisco. Any overbidder should contact Julian Bach, Counsel for the Debtor, at (714) 848-5085 or by email (Julian@jbachlaw.com) or the Estate's real estate broker, Mark Allan Levinson, COMPASS (mark@markallanlevinson.com); (415) 441-5500.

## IV. PAYMENT OF REAL ESTATE COMMISSION AND OTHER STANDARD CLOSING COSTS

Pursuant to an agreement between the Debtor and its Broker, the Estate agreed to pay a 4.0% real estate commission upon the closing of sale of the Sea Cliff Avenue Property. The Buyer is representing himself. Compass, which is the brokerage firm that represents the Estate, has agreed to a reduced sales commission of 2.5%.

After extensive marketing under adverse conditions and the exchange of offers and counter-offers, the Debtor has brought the best offer to the table, subject to higher and better bids. The Debtor believes this is a unique property being sold under very adverse conditions and with a long history of problems and issues. Accordingly, the sale should go forward as contemplated and subject to overbid.

## MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SELL FREE AND CLEAR OF LIENS

## V. BACKGROUND

The Sea Cliff Avenue Property has been the subject of multiple prior bankruptcy filings by its former owner, Brugnara Properties VI. The most recent bankruptcy by the former owner is Chapter 7 Case No. 17-30501, which was commenced by Brugnara Properties VI on May 22,

3

2017 as a Chapter 11 proceeding, converted to a Chapter 7 proceeding on April 4, 2018, and remains open and pending before this Court as of this date (the "Brugnara Properties VI Bankruptcy Proceeding").

Debtor PSG Mortgage Lending Corp.'s (the "Debtor") predecessor in interest, PSG Capital Partners, Inc., was the holder of the fourth trust deed secured against the Sea Cliff Avenue Property based upon a loan it made to Brugnara Properties VI in the original principal amount of $1,000,000.00. (Fusco Decl., ¶6). There were also three trust deeds secured by the Sea Cliff Avenue Property ahead of the 4th trust deed based upon loans made to Brugnara Properties VI: a 1st trust deed in favor of Wells Fargo recorded on April 12, 2007 with an original principal balance in the amount of $7,500,000; a 2nd trust deed in favor of Natural Software Systems, Inc. et al recorded on July 12, 2013 in the original principal balance due of $1,700,000; and a 3rd trust deed in favor of Dakota Note, LLC recorded on July 21, 2015 in the original principal balance of $1,200,000. (Fusco Decl., ¶7).

Efforts by the Chapter 7 Trustee in the Brugnara Properties VI Bankruptcy Proceeding to sell the Sea Cliff Avenue Property could not come to fruition due to various delays, including tax liens that were asserted to be secured by the real property. Because the Sea Cliff Avenue Property was not sold by the Chapter 7 Trustee, on May 20, 2020, this Court entered an Order Granting Stipulated Relief From the Automatic Stay in the Brugnara Properties VI Bankruptcy Proceeding (the "Stay Relief Order") such that deed of trust holders Greenfield, Dakota Note, LLC and/or PSG Capital Partners, Inc. could proceed with nonjudicial foreclosure of the Sea Cliff Avenue Property. (Fusco Decl., ¶10).

Of the deed of trust holders granted relief from the automatic stay, only PSG Capital Partners, Inc. opted to immediately proceed with foreclosure upon entry of the Stay Relief Order. On August 13, 2020, a nonjudicial foreclosure sale of the Sea Cliff Avenue Property took place under a Deed of Trust held by PSG Capital Partners, Inc., with title to the Sea Cliff Avenue Property reverting back to PSG Capital Partners, Inc. The Trustee's Deed Upon Sale was recorded on October 9, 2020 as document no. 2020028282. (Fusco Decl., ¶11, Exh C). Thereafter, on

4

August 20, 2021, title to the Sea Cliff Avenue Property was transferred by PSG Capital Partners, Inc. to the Debtor by Grant Deed recorded on August 25, 2021, document no. 2021136349. (Fusco Decl., ¶12, Exh D).

In this bankruptcy, by ruling of this Court on October 1, 2021 in resolution of a Motion to Dismiss filed by secured creditor Dakota Note, LLC (Doc #20), the Debtor was to have a Motion to Sell on file with this Court by no later than November 1, 2021 or Dakota Note, LLC may submit an Order Dismissing this case in its discretion at any time thereafter. No dismissal Order has been submitted as of this date because of ongoing joint efforts by the Debtor and Secured Creditors to have the Sea Cliff Avenue Property sold through this proceeding.

The Debtor has filed this Motion to sell the Sea Cliff Avenue Property free and clear of liens for various reasons as described herein. Notwithstanding the short leash given to the Debtor in this case, the Debtor, through its real estate broker Compass, has marketed the Sea Cliff Avenue Property extensively and obtained a qualified buyer, subject to higher and better bids. The Debtor believes that it and its broker have done all they can to market the Sea Cliff Avenue Property and that the results of an auction will determine the highest and best price available for the property.

## VI.  SALE FREE AND CLEAR OF LIENS AND INTERESTS

As will be explained more thoroughly, specifically as to each lien set forth herein below, the Debtor is proposing to sell the Sea Cliff Avenue Property free and clear of liens, with the liens to be paid off in full through Escrow to the extent there is available cash. Liens or potential interests will be treated as noted below.

1. **World Savings Bank, FSB, its successors and/or assigns, including but not limited to Wells Fargo Bank**

A deed of trust to secure an original indebtedness of $7,500,000[4] recorded April 12, 2007 as Document No. 2007-368040, Book/Reel 1368, Page/Image 0206 of Official Records.

| Dated: | April 6, 2007 |
|---|---|
| Trustor: | Brugnara Corporation VI, a California corporation |
| Trustee: | Golden West Savings Association Service Co., a California Corporation |
| Beneficiary | World Savings Bank, FSB, its successors and/or assignee |

(a) Document re-recorded October 2, 2007 as Document No. 2007-468564, Book/Reel J488, Page/Image 0172 of Official Records.

(b) A document recorded July 10, 2009 as Document No. 2009-792884, Book/Reel J931, Page/Image 0230 of Official Records provides that the deed of trust or the obligation secured thereby has been modified.

The Debtor is informed and believes that the current holder of the beneficial interest in this deed of trust is Wells Fargo Bank.

The Debtor believes that it may sell free and clear of this lien under Bankruptcy Code §363(f)(1) since it will be paid off in full from Escrow. Further, it believes that the lienholder will consent; therefore, the Sea Cliff Avenue Property can be sold under the terms of Bankruptcy Code §363(f)(2). To the extent there is no dispute over this particular interest, it will be paid at the time of the close of Escrow.

---

[4] Reflected in some title reports as $6,000,000

6

2. **Natural Software Systems Inc.**, Money Purchase Pension Plan as to an undivided 65% interest and **Tanya Waltimyer**, a married woman as her sole and separate property as to an undivided 35% interest, as assignees of Saxe Mortgage, et al.

A deed of trust to secure an original indebtedness of $1,700,000 recorded July 12, 2013 as document no. 2013-705008, Book/Reel K937, Page/Image 0178 of Official Records.

| Dated: | June 25, 2013 |
|---|---|
| Trustor: | Brugnara Properties VI, a California corporation |
| Trustee: | Yeva, Inc. dba Saxe Mortgage Company |
| Beneficiary | Theodore J. Gradman Ph.D. 401k Plan, 300,000.00/1,700,000.00, Umbert C. Von Hofen and Kathleen A. Von Hofen, Trustees Udt Dtd 4/6/2000, 170,000.00/1,700,000.00, Robert J. Malone Trustee of The Robert J. Malone Agreement of Trust Dtd 9/28/07, 170,000.00/1,700,000.00, Lynne S. Tilsen, Trustee of Lynne S. Tilsen Living Trust Established 11/8/1990, 170,000.00/1,700,000.00, Oksana Borzina, a single woman, 170,000.00/1,700,000.00, Jeff Mogalian, a single man, 170,000.00/1,700,000.00, Jhoanne Loube, 160,000.00/1,700,000.00, Rachel Gishkin, a married woman as her sole and separate property, 150,000.00/1,700,000.00, Arkvest LLC by Kathryn Gachwiler, Managing Member, 140,000.00/1,700,000.00, Hilary A. Perr, a married woman as her sole and separate property, 100,000.00/1,700,000.00 |

(a) According to the public records, the beneficial interest under the deed of trust was assigned to Natural Software Systems, Inc., Money Purchase Pension Plan 65.00% and Tanya Waltimyer, a married woman as her sole and separate property 35.00% by assignment recorded December 15, 2016 as document no. 2016-375516 of Official Records.

7

The Debtor believes that it may sell free and clear of this lien under Bankruptcy Code §363(f)(1) since it will be paid off in full from Escrow. Further, it believes that the lienholder will consent; therefore, the Sea Cliff Avenue Property can be sold under the terms of Bankruptcy Code §363(f)(2). To the extent there is no dispute over this particular interest, it will be paid at the time of the close of Escrow.

As will be described herein below, Paul Greenfield asserts that he owns an interest in this trust deed by way of the aforementioned assignment. A search of corporate records with the California Secretary of State indicates that Mr. Greenfield is the agent for service of process for Natural Software Systems, Inc. and that the entity is located at the mailing address that Mr. Greenfield uses in this case. Therefore, the Debtor requests that the sale order reflect that the sale is free and clear of any unrecorded interest or lien in favor of Mr. Greenfield since this deed of trust will be paid off in full from Escrow.

### 3. Dakota Note, LLC

A deed of trust to secure an original indebtedness of $1,200,000 recorded July 21, 2015 as Document No. 2015-093637 of Official Records.

| Dated: | July 9, 2015 |
|---|---|
| Trustor: | Brugnara Corporation VI, a California corporation |
| Trustee: | 5 Palms LLC |
| Beneficiary | Dakota Note, LLC, as to an undivided 1,000,000/1,200,000 interest and Silicon Valley Funding Group, Inc. as to an undivided 200,000/1,200,000 interest |

(a) According to the public records, the beneficial interest of Silicon Valley Funding Group, Inc. under the deed of trust was assigned to Dakota Note, LLC by assignment recorded April 8, 2016 as document no. 2016-227749 of Official Records.

8

As of the time of the filing of this Motion it is unclear the extent of any overbids that may occur. Nevertheless, the Debtor believes that it may sell free and clear of this lien under Bankruptcy Code §363(f)(1) since it will either be paid off in full from Escrow or in an amount consented to by the lienholder. Otherwise, as will be explained below, the Debtor asserts that the Sea Cliff Avenue Property may be sold in conformity with Bankruptcy Code §363(f)(5), as will be explained herein below.

4. **San Francisco Department of Public Health/Public Utilities Commission**

Lien for delinquent Water, Utility Tax and Wastewater Charges in favor of San Francisco Water, Power and Sewer Services of the San Francisco Public Utilities Commission

| Against: | Brugnara Properties VI |
|---|---|
| Amount: | $1,411.80 |
| Recorded: | August 16, 2017 as Instrument No. 2017-K494971 of Official Records |

This lien is to be paid from Escrow.

5. **PSG Capital Partners, Inc. and Debtor PSG Mortgage Lending Corp.**

As mentioned herein above, on August 13, 2020, a nonjudicial foreclosure sale of the Sea Cliff Avenue Property took place under a Deed of Trust held by PSG Capital Partners, Inc., with title to the Sea Cliff Avenue Property reverting back to PSG Capital Partners, Inc. The Trustee's Deed Upon Sale was recorded on October 9, 2020 as document no. 2020028282. (Fusco Decl., ¶11, Exh C). Thereafter, on August 20, 2021, title to the Sea Cliff Avenue Property was transferred by PSG Capital Partners, Inc. to the Debtor by Grant Deed recorded on August 25, 2021, document no. 2021136349. (Fusco Decl., ¶12, Exh D).

As of the time of the filing of this Motion it is unclear the extent of any overbids that may occur. To the extent any sales excess proceeds remain *after* the payoffs referenced herein above, including the broker commissions and costs of sale, said remaining proceeds shall go into the Debtor In Possession Account established in this proceeding for payoff first in full of any

9

allowed unsecured claims and any remaining amounts owed to the Office of the U.S. Trustee. Further, upon closing of the sale and payoff of creditors, it in anticipated by the Debtor that this case shall be dismissed either by submission of a dismissal Order by Dakota Note or a Motion to Dismiss filed by the Debtor.

### VII. KAY BRUGNARA AND FAMILY/LUKE BRUGNARA/INDIVIDUALLY OR AS OFFICER(S)/DIRECTOR(S)/SHAREHOLDER(S) OF BRUGNARA PROPERTIES VI.

In addition to the liens and interests described herein above, on September 29, 2020, Luke Brugnara filed a lawsuit entitled <u>Luke Brugnara v. Paul Greenfield, Dakota LP, CHL, PSG Capital et al</u> in the Superior Court of the State of California for the County of San Francisco, Case No. CGC-20-586853 (the "State Court Action"). The State Court Action names a number of Defendants, including Secured Creditors Paul Greenfield ("Greenfield") and Dakota Note LLC, and sets forth several causes of action, including but not limited to seeking to Quiet Title to the Sea Cliff Avenue Property in favor of Brugnara along with allegations that the loans of Greenfield and Dakota Note LLC as secured by deeds of trust against the Sea Cliff Avenue Property are "fraudulent."

Brugnara's State Court Action was removed to this Court by the Debtor on December 3, 2021 in furtherance of the Debtor's goal of selling the Sea Cliff Avenue Property free and clear of all claims, liens and encumbrances. *See* Adversary Proceeding Case No. 21-03065-DM pending before this Court, which includes a full copy of Brugnara's Complaint.

As noted herein above, on August 13, 2020, a nonjudicial foreclosure sale of the Sea Cliff Avenue Property took place under a Deed of Trust held by PSG Capital Partners, Inc., with title to the Sea Cliff Avenue Property reverting back to PSG Capital Partners, Inc. The Trustee's Deed Upon Sale was recorded on October 9, 2020 as document no. 2020028282. (Fusco Decl., ¶11, Exh C). Under California law, the completion of a nonjudicial foreclosure sale of real property extinguishes all rights and interests to the real property of the junior lienholders and the borrower-trustor (or his or her successor in interest). *(See* <u>Cadlerock Joint Venture, L.P. v. Lobel</u> (2012) 206 Cal.App.4th 1531, 1536, 143 Cal.Rptr.3d 96.)

10

Further, as discussed herein below, a sale free and clear of certain disputed liens is authorized under the terms of the Bankruptcy Code §363(f)(4)).

Simply put, any interest that Kay Brugnara and Family/Luke Brugnara/individually or as Officer(s)/Director(s)/Shareholder(s) of Brugnara Properties VI (the "Brugnara Parties") still claim in the Sea Cliff Avenue Property, to the extent it ever existed, was extinguished under California law.

## VIII. SALE FREE AND CLEAR OF LIENS AND INTERESTS - BANKRUPTCY CODE §363(f)

As described above, the Debtor has presented the best offer it has received (subject to higher and better bids).

Under §363(f), "[t]he trustee may sell property . . . free and clear of any interest in such property of an entity other than the estate, only if– (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest; (2) such interest consents; (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property; (4) such interest is in bona fide dispute; or (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest." 11 U.S.C. §363(f).

Wells Fargo Bank, which is the holder of the first trust deed, will be paid off in full through escrow at the close of the sale. Regarding lienholders (a) <u>Natural Software Systems Inc.</u>, Money Purchase Pension Plan as to an undivided 65% interest and <u>Tanya Waltimyer</u>, a married woman as her sole and separate property as to an undivided 35% interest, as assignees of Saxe Mortgage, et al. [Second Trust Deed], and/or <u>Paul Greenfield</u>, as an individual, to the extent any interests are claimed in the above-referenced deed of trust; (b) Dakota Note, LLC [Third Trust Deed], and (c) the Debtor, all such claims and interests will consent to the sale and accept an agreed upon (reduced) amount in full satisfaction of their respective claims and interests. (§363(f)(2)).

11

As for any purported claims of interest in the Sea Cliff Avenue Property by Luke Brugnara or Katherine Brugnara[5], Bankruptcy Code section 363(f)(4) provides that, "[t]he trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if - "one of at least several independent circumstances exist including ". . . (4) such interest is in bona fide dispute; . . ." The Ninth Circuit Bankruptcy Appellate Panel has stated that, "[t]he purpose of §363(f)(4) is to permit property of the estate to be sold free and clear of interests that are disputed by the representative of the estate so that liquidation of the estate's assets need not be delayed while such disputes are being litigated." Moldo v. Clark (In re Clark), 266 B.R. 163, 171 (9th Cir. BAP 2001). "Typically, the proceeds of sale are held subject to the disputed interest and then distributed as dictated by the resolution of the dispute; such procedure preserves all parties' rights by simply transferring interests from property to dollars that represent its value." Id.

A "bona fide dispute" exists if there is an "objective basis for either a factual or a legal dispute as to the validity of the [claim]." In re Vortex Fishing Systems, Inc., 277 F.3d 1057, 1065 (9th Cir. 2002)(quotations omitted). The "mere existence of pending litigation or the filing of an answer is insufficient to establish the existence of a bona fide dispute." Id. at 1066. The Trustee has the burden of demonstrating that a "bona fide dispute" exists. In re Terrace Chalet Apartments, Ltd., 159 B.R. 821, 828 (N.D.Ill. 1993).

Here, on September 29, 2020, Luke Brugnara filed his State Court Action against Secured Creditors Greenfield and Dakota Note LLC, asserting several causes of action, including but not limited to seeking to Quiet Title to the Sea Cliff Avenue Property in favor of Brugnara, along with allegations that the loans of Greenfield and Dakota Note LLC as secured by deeds of trust against the Sea Cliff Avenue Property are "fraudulent." Brugnara's State Court Action was

---

[5] As mentioned herein above, Brugnara Properties VI remains in a pending Chapter 7 bankruptcy proceeding before this Court. There is no indication that the bankruptcy estate claims any further interest in the Sea Cliff Avenue Property due to the completed foreclosure. Further, neither Luke Brugnara nor Katherine Brugnara represent that bankruptcy estate and have no authority to act on behalf of that estate to either assert such an interest and/or challenge the completed foreclosure sale.

12

removed to this Court by the Debtor on December 3, 2021 in furtherance of the Debtor's goal of selling the Sea Cliff Avenue Property free and clear of all claims, liens and encumbrances. *See* Adversary Proceeding Case No. 21-03065-DM pending before this Court, which includes a full copy of Brugnara's Complaint.

Likewise, the Debtor has commenced an Adversary Proceeding in this Court seeking a Declaratory Judgment confirming that neither Luke Brugnara nor Katherine Brugnara have any valid lien, claim or interest in the Sea Cliff Avenue Property. *See* Adversary Proceeding Case No. 22-03007-DM pending before this Court, which includes a full copy of the Debtor's Complaint.

As noted herein above, on August 13, 2020, a nonjudicial foreclosure sale of the Sea Cliff Avenue Property took place under a Deed of Trust held by PSG Capital Partners, Inc., with title to the Sea Cliff Avenue Property reverting back to PSG Capital Partners, Inc. The Trustee's Deed Upon Sale was recorded on October 9, 2020 as document no. 2020028282. (Fusco Decl., ¶11, Exh C). Under California law, the completion of a nonjudicial foreclosure sale of real property extinguishes all rights and interests to the real property of the junior lienholders and the borrower-trustor (or his or her successor in interest). *(See* <u>Cadlerock Joint Venture, L.P. v. Lobel</u> (2012) 206 Cal.App.4th 1531, 1536, 143 Cal.Rptr.3d 96.) Clearly a bona fide dispute exists as to any interest that Luke Brugnara or Kay Brugnara claim to still have in the Sea Cliff Avenue Property.

Finally, it should be noted that it is <u>not</u> a requirement for an application of section 363(f)(4) that the remaining sales proceeds be sufficient to satisfy all disputed liens. The five different grounds for selling "free and clear of liens" under Section 363(f) are in the alternative, as is shown by the use of the word "or" at the end of section 363(f)(4) which is contrasted with the use of the word "and" at the end of section 363(h)(3) which establishes that all four conditions set forth in 363(h) for the sale of jointly owned property must be satisfied. See, e.g. <u>In re Patriot Place, Ltd.</u>, 486 B.R. 773, 796, ft. 6, (Bkrtcy E.D. Tex 2013); <u>In re U.S.A. United Fleet, Inc.</u>, 496 B.R. 79, 83 (Bkrtcy E.D.N.Y. 2013). Section 363(f)(3) independently provides that there can be a sale free and clear of liens if "such interest is a lien and the price at which such property to be

13

sold is greater than the aggregate value of all liens on such property." If satisfying the conditions of subsection (f)(3) were a condition for satisfying the condition of (f)(4), they would not be in the alternative and there would be no point to having (f)(4) at all.

Simply put, the Debtor asserts that it may sell the Sea Cliff Avenue Property free and clear of any and all interest(s) claimed in the Sea Cliff Avenue Property by the Brugnara Parties and that this Court should enter an Order authorizing the same.

## IX. **GOOD FAITH FINDING**

Under the terms of Bankruptcy Code Section 363(m), the reversal or modification on appeal of an authorization under §363(b) of this section of a sale does not affect the validity of the sale to an entity that purchased a property in good faith. The Buyer will be present at the hearing to testify and provide evidence in support of the request for a good faith finding by the Buyer under Bankruptcy Code §363(m).

## X. **RULE 62(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE AND/OR BANKRUPTCY RULE 6004(h)**

The Debtor requests that the order approving the proposed sale of the Sea Cliff Avenue Property provide as follows: "This order is effective upon entry, and the stay otherwise imposed by Rule 62(a) of the Federal Rules of Civil Procedure and/or Bankruptcy Rule 6004(h) shall not apply."

## XI. **LIEN RECORDINGS SINCE LAST TITLE REPORT**

Exhibit B attached to the Fusco Decl. is a "Preliminary Report Dated as of January 21, 2022" title report issued by the Title Company. The Buyer has requested and the Debtor has agreed to seek an order selling free and clear of any liens that are recorded after the January 21, 2022 date of the title report until and including the date of closing. Any liens asserted against the Sea Cliff Avenue Property would be asserted in violation of Bankruptcy Code §362(a)(4) (11 U.S.C. §362(a)(4)). Accordingly, the Debtor will request that the sale order include such a provision, if necessary.

14

## XII. CONCLUSION

Given all of the above, the Debtor asserts that the sale should be approved, either with the consent of junior lienholders or as explained above.

**WHEREFORE**, the Debtor respectfully requests that the Court grant the Amended Motion in its entirety.

Dated: March 9, 2022

Respectfully submitted,
LAW OFFICE OF JULIAN BACH

By: _____
JULIAN BACH, ESQ.
Attorney for Debtor
PSG MORTGAGE LENDING CORP., a Delaware Corporation